O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4102 AHM (SSx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | STEPHEN BAGBOUDARIAN v. WAHINGTON MUTAL [sic] BANK INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On June 9, 2009, *pro se* Plaintiff Stephen Bagboudarian filed suit against Defendants Washington Mutal [sic] Bank, Inc. ("Washington Mututal") and Chase Bank, Inc. arising out of a dispute over two mortgages entered into by Plaintiff's wife and daughter, Vera and Lori Bagboudarian (collectively "the Bagboudarians"). Complaint ¶ 4. JP Morgan Chase Bank, N.A. ("Chase") acquired Washington Mutual Bank's Assets from the Federal Deposit Insurance Commission ("FDIC") and has entered an appearance. The complaint alleges four causes of action—(1) a claim for damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.; (2) a claim for usury under state law; (3) a claim for "due process violation" under either 42 U.S.C. § 1983 or 42 U.S.C. § 1985 (Plaintiff cites both statutes); and (4) a claim for declaratory relief. On February 3, 2010, this Court denied Plaintiff's motion for default judgment. On January 20, 2010, Chase filed a motion to dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff filed his Opposition to the motion ten days late on February 19, 2010, but the Court has considered it nonetheless. The Court held a hearing on the motion on March 1, 2010. For the following reasons, the Court GRANTS Defendant's motion to dismiss.[1]

Plaintiff's allegations arise out of two mortgage transactions involving a house at 3254 Hilltop Drive, Chino Hills, CA 91709, with loan numbers 3010131464 and 0670023498. Complaint ¶¶ 4, 12. Although Plaintiff alleges that the first of these loans was entered into with Washington Mutual and the second with Chase, it is clear from the

---

[1]Docket No. 16.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4102 AHM (SSx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | STEPHEN BAGBOUDARIAN v. WAHINGTON MUTAL [sic] BANK INC., *et al.* | | |

face of the deeds of trust that the Bagboudarians entered into both of these transactions with Washington Mutual.  Defendant's Request for Judicial Notice ("RJN"), Exs. 1 & 2.[2] "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading."  5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).  Therefore, the Court must find that both loans were entered into with Washington Mutual, not Chase, and all allegations against Chase are based on its status as the acquirer of Washington Mutual's assets from the FDIC.

On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and appointed the FDIC as its Receiver.  When an FDIC is appointed as Receiver of a failed institution, it succeeds to "all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution . . ."  12 U.S.C. § 1821(d)(2)(A)(i).  On September 25, 2008 (the same date that the FDIC was appointed Washington Mutual's Receiver), the "bulk of" Washington Mutual's assets were transferred to Chase pursuant to a Purchase and Assumption Agreement. RJN, Ex. 3; *see* Motion at 3.  Article 2.5 of the Purchase and Assumption Agreement expressly provides that

> any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower . . . related in any way to any loan or commitment to lend made by [Washington Mutual] prior to failure, or to any loan made by a third party in connection with a loan which is or was held by [Washington Mutual], or otherwise arising in connection with [Washington Mutual's] lending or loan purchase activities are *specifically not assumed by* [Chase].

RJN, Exh. 3 at 9 (emphasis added). Thus, "by the terms of the P&A Agreement, JP Morgan expressly disclaimed assumption of liability arising from borrower claims . . . [t]his section leaves the FDIC as the responsible party with respect to those claims." *Hilton v. Washington Mutual Bank, et al.*, No. 3:09-cv-01191-SI, 2009 WL 3485953 at

---

[2]The Court takes judicial notice of these deeds of trust, as they are matters of the public record and not subject to reasonable dispute.  Fed. R. Evid. 201.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4102 AHM (SSx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | STEPHEN BAGBOUDARIAN v. WAHINGTON MUTAL [sic] BANK INC., *et al.* | | |

*3 (N.D. Cal. Oct. 28, 2009) (quoting *Cassesse v. Washington Mutual Bank,* 05 CV 2724 (ADS) (ARL), slip op. at 6 (E.D.N.Y. Dec. 22, 2008) (interpreting identical Purchase and Assumption Agreement).

Plaintiff has not provided the Court with any reason why Article 2.5 of the Purchase and Assumption Agreement does not bar his claims against Chase that arise out of loans taken out from Washington Mutual. Accordingly, the Court GRANTS Chase's motion to dismiss without leave to amend as to claims against Chase. Any amended complaint purporting to add a new party as a defendant (such as, perhaps, the FDIC) must be filed by not later than March 12, 2010.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

|  | : |
|---|---|
| Initials of Preparer | SMO |